# In the United States Court of Federal Claims

No. 19-1599
Filed: October 30, 2019

|  |  |
|---|---|
| **MELISSA J. KENNEY,** | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) |
| **THE UNITED STATES,** | ) ) |
| *Defendant.* | ) ) ) ) |

## ORDER

     The Court has a responsibility on its own to ensure that it has jurisdiction over any claim presented. *See, e.g. St Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019); *see also* Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

     The Court's jurisdiction is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

     The Supreme Court has interpreted the Tucker Act to waive sovereign immunity to allow jurisdiction to entertain a claim against the Unites States if the Claim is (1) founded on an express or implied contract with the United States; (2) seeking a refund of a payment previously made to the United States; or (3) based on federal constitutional, statutory, or regulatory law mandating compensation for damages sustained, except from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States." *United States v. Mitchell*, 463 U.S. 206, 216 (1983). To invoke this Court's jurisdiction, a plaintiff must rely on a statute or regulation that is money-mandating, which means the source of alleged liability "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Testan*, 424 U.S. 392, 400 (1976).

The plaintiff is proceeding *pro se*, and her pleadings are entitled to receive a more liberal construction than the Court would give to pleadings prepared by counsel. *See Haines v. Kerner*, 404 U.S. 519 (1972). Giving a *pro se* litigant's pleadings a liberal construction, however, does not divest a *pro se* plaintiff from the responsibility of having to satisfy the jurisdictional requirements limiting this Court's jurisdiction. *See Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

The starting point for determining whether this Court has jurisdiction is the plaintiff's complaint, which the Court will construe liberally.

The Complaint is difficult to decipher, but at its core the plaintiff appears to be alleging identity theft and invasion of privacy. The plaintiff claims violations of her constitutional, civil, and "CORE human rights" since birth. She alleges further that she is a victim of health-care fraud and related crimes and perhaps medical malpractice.

The critical jurisdictional shortcoming of the plaintiff's complaint is that it fails to identify the United States as the perpetrator of the harms allegedly committed against her. Although the Unites States is named as the defendant, very few of the plaintiff's allegations present cognizable claims against the United States government; many of the plaintiff's allegations appear to be claims against the City of New York. The Court has closely reviewed the Complaint and has identified several claims for federal government wrongdoing, but over none of which this Court possesses jurisdiction to review.

First, the plaintiff alleges that "[a]s a result of the government's sadistic choice NOT to assist [her] and/or their corruption involved, [the plaintiff] can only conclude that the Head of the [Federal Bureau of Investigation ("FBI")], Robert Mueller III planned to covertly kidnap[ ] [her] the same as the rest of the identity frauds, and is now responsible for the technology-terrorist assaults, thefts, robber[ie]s, and other crimes against [her] explicitly since Y2005, and implicitly since before the millen[n]ium." (Compl. at 5.) This allegation alleging constitutional and tort violations against the plaintiff by the FBI is outside the Court's jurisdiction.

The plaintiff appears to allege that those harming her "planned the excuse for 'non-payment of taxes' for their interrogation-games, but the court need be informed that [the plaintiff] never received any notice from any [Internal Revenue Service ("IRS")] officer (in any form) that [she] owed any back taxes ever . . . and as [she has] no income at this time either, [she] still [does] not owe any taxes." (Compl. at 12.) The Court's jurisdiction over tax matters is limited to claims for refunds from taxes paid. The Complaint does not allege that the plaintiff paid taxes and is seeking a refund. The Court therefore lacks jurisdiction over the plaintiff's claims against the IRS.

The plaintiff also alleges that "the government has no right to commit crimes against her nor *allow* anyone else to commit crimes against [her] only to steal money or [her] life, etc., for their greed." (Compl. at 13.) This claim too alleges constitutional or tort claims outside the Court's jurisdiction. To the extent the claim is construed as seeking injunctive relief, it is also beyond this Court's jurisdiction.

The Complaint proceeds to survey the scope of health-care fraud in the country, citing data from the Department of Justice, and the plaintiff "contend[s] that the government and non-government frauds had full knowledge that neither [she], nor [her] deceased loved ones in NYC, nor [her] family members were/are health-care professionals, so [she does] not know why they would be directly involved with planning *more* crimes/frauds against any of [them] unless a defense tactic." (Compl. at 14.) Here again, the allegation suggests violations of the plaintiff's constitutional rights or the commission of torts, claims over which this Court lacks jurisdiction.

She goes on, alleging failure of the government "to provide competent assistance to" the plaintiff "for any of the resultant crimes . . . ," (Compl. at 15), but all her claims against the federal government for failing to enforce various law are beyond this Court's jurisdiction.

The Complaint refers to the plaintiff's inability in 2007 to get the Department of State to respond to her report of a stolen passport. (Compl. at 18.) Any claim based on this failure is filed after the expiration of the six-year statute of limitations and in any case is beyond the Court's jurisdiction.

The plaintiff references medical malpractice and other harms she has allegedly endured, but the Complaint contains no allegations that the Unites States government committed such acts. Even if the Complaint made such allegations against the government, the Court could not consider them, because they sound in tort and are beyond the Court's jurisdiction.

The plaintiff also complains about the existence and use of satellites by the government; these satellites are a target because they may be used "illegally . . . only to induce psychological or physical harm/injur[ie]s to human, plants, animals, and most anyt[h]ing else." (Compl. at 26.) If there is a claim here, it sounds in tort and is outside the Court's jurisdiction.

Next, the plaintiff complains that in 2006 she "requested a non-computerized version of a passport[.]" (Compl. at 27.) She alleges that "[t]o this day, [she has] never received any passport . . . ." (*Id.*) These claims are time-barred and, even if timely, beyond the Court's jurisdiction.

The plaintiff also claims she submitted a request under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the State Department but never received a response. (Compl. at 27.) Claims under the FOIA are heard in district court, 5 U.S.C. § 522(a)(4)(B), and this Court lacks jurisdiction to hear such claims.[1]

Further in the Complaint, the plaintiff renews her claim that federal law enforcement officials rejected her efforts to report crimes and simply directed her to hire private counsel,

---

[1] Among the exhibits attached to her pleadings, the plaintiff submitted two letters from the Federal Communications Commission ("FCC") dated March 29, 2019, and April 10, 2019, in response to FOIA requests submitted by the plaintiff. In one, the FCC informed the plaintiff that the records she was seeking "are not under [its] authority. In the other, the FCC informed the plaintiff that it "does not maintain [the] types of records" the plaintiff had requested. The plaintiff's Complaint is silent as to her FOIA requests to the FCC, but even had she raised the issue this Court could not entertain the issue.

3

which she has been unable to do. (Compl. at 30.) As before, such a claim falls outside this Court's limited jurisdiction.

The Complaint includes some additional allegations and requests for relief against the federal government (Compl. at 31, 44, 48, 49 & 54), but these claims are largely repetitive of those noted above and all suffer from the same defects with respect to this Court's jurisdiction.

In sum, none of the allegations raised by the plaintiff identifying claims of wrongdoing by the federal government are within the Court's jurisdiction, and, aside from some claims raised against the City of New York, the Court is unable to identify in the Complaint any specific federal official or private, identified individual against whom a legitimate claims could be made and imputed to the United States such that this Court could assert jurisdiction, and the Court lacks jurisdiction over claims against any party other than the United States.

The Court has also reviewed the plaintiff's motion for a data protection order in case a viable and timely claim within the Court's jurisdiction could be identified therein, but none was apparent.

Accordingly, on the Court's own motion, the Complaint is hereby DISMISSED without prejudice pursuant to RCFC 12(b)(1) and 12(h)(3).[2] Because this Court lacks jurisdiction over the case, the plaintiff's motion for a data protection order is DENIED as moot. The Clerk is directed to enter judgment accordingly.

It is so **ORDERED**.

Richard A. Hertling
Judge

---

[2] The predicate facts that underlie the plaintiff's allegations appear generally to have occurred from the late 1990's to 2007. The Complaint is largely devoid of dates. It is likely that all but a few allegations would be time-barred, even if the plaintiff were to refile her Complaint in another court. Out of an abundance of caution and solicitude for the plaintiff appearing *pro se*, however, the Court has determined to dismiss the plaintiff's claims without prejudice.